**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 15, 2019

Christopher J. McHattie, Esq.
550 West Main Street
Boonton, New Jersey 07005
*Counsel for Plaintiff*

Dennis H. Sabourin, Esq.
Rabner, Baumgart, Ben-Asher & Nirenberg, P.C.
52 Upper Montclair Plaza
P.O. Box 890
Montclair, New Jersey 07043
*Counsel for Defendants*

### **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** **4C4 Media, LLC v. Haefeli, et al.**
**Civil Action No. 19-12288 (SDW) (SCM)**

Counsel:

Before this Court is Plaintiff 4C4 Media, LLC's ("Plaintiff") informal request for an order holding Mark Haefeli ("Mr. Haefeli") and Mark Haefeli Productions (collectively, "Defendants") in contempt for their alleged violations of this Court's May 8, 2019 Order. (ECF No. 10.) This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, **DENIES** Plaintiff's request for a contempt order.

**I.  DISCUSSION**[1]

Plaintiff commenced this action on May 7, 2019 by contemporaneously filing its Complaint and Motion for an Order to Show Cause. (ECF Nos. 1-2.) On May 8, 2019, this Court imposed temporary restraints against Defendants and ordered the parties to appear for a show-cause hearing on May 15, 2019. (ECF No. 3.) On May 15, 2019, Defendants were granted additional time to oppose Plaintiff's Motion for an Order to Show Cause and the related hearing was adjourned.

---

[1] This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to Plaintiff's request for an order of contempt.

(ECF Nos. 8-9.) After the matter was fully briefed, and following oral argument, this Court granted Plaintiff a preliminary injunction on May 29, 2019. (ECF No. 16.)

On May 19, 2019, while the Motion for an Order to Show Cause was pending, Plaintiff filed the instant informal contempt motion. (ECF No. 10.) Defendants opposed on June 17, 2019, and Plaintiff replied on June 24, 2019. (ECF Nos. 20-21.) Since the commencement of this action approximately two months ago, Plaintiff's counsel has filed six certifications to update the Court on Mr. Haefeli's behavior and conduct. During that time, Plaintiff has also revised and exponentially expanded its request for relief. Most glaringly, Plaintiff's contempt motion initially sought purely civil relief, but now requests that this Court also commence criminal contempt proceedings. (ECF No. 21 at 15.)

"The exercise of the power to find and to punish for contempt is . . . discretionary, and should be undertaken with the utmost sense of responsibility and circumspection." *Thompson v. Johnson*, 410 F. Supp. 633, 640 (E.D. Pa. 1976), *aff'd* 556 F.2d 568 (3d Cir. 1977) (internal quotation marks omitted). This Court finds that Defendants' behavior does not rise to the level of civil contempt and declines to impose sanctions, particularly to the extent that Plaintiff seeks to punish Mr. Haefeli's use of "friends only" social media pages where Plaintiff admittedly "does not know exactly what Mr. Haefeli has been doing behind the scenes[.]" (ECF No. 21 at 9.) Not only would it be impracticable to monitor and police each of Mr. Haefeli's interactions and comments, it is unclear how these private, social media pages are affecting Plaintiff.[2] The preliminary injunction remains in effect and litigation shall proceed in the normal course.[3]

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's informal request for a contempt order is **DENIED**. An appropriate Order follows.

      /s/ Susan D. Wigenton
      SUSAN D. WIGENTON, U.S.D.J.

Orig: Clerk
cc: Parties
    Steven C. Mannion, U.S.M.J.

---

[2] Notably, Plaintiff does not seek damages other than attorney's fees and costs from litigating this action. (ECF Nos. 10-2, 21-8.)

[3] Should Plaintiff wish to expand or modify its allegations, it may do so by taking the appropriate steps to amend its Complaint rather than continuously filing new certifications.